UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

KENNETH O'KEITH REED                                                  PETITIONER

v.                                      CIVIL ACTION NO. 5:17-CV-P51-TBR

AARON SMITH                                                   RESPONDENT

**MEMORANDUM OPINION**

Petitioner Kenneth O'Keith Reed filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). This matter is now before the Court on preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On May 1, 2017, the Court directed Petitioner to show cause why his petition should not be denied and his action dismissed as untimely (DN 5), and Petitioner has now responded (DN 6). For the reasons set forth below, the Court will dismiss this action as time-barred.

**I.**

Because the petition now before the Court was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Petitioner indicates that he was convicted of rape on October 11, 1992, Case No. 92-CR-00370, but he makes no attempt to explain why the petition now before the Court, filed more than 24 years after he was convicted, is not barred by the one-year statute of limitations. Moreover, Petitioner does not provide the date his appeal concluded or address this issue in his response to the Court's Show Cause Order. Because Petitioner's conviction became final prior to the passage of the AEDPA on April 24, 1996, "he had a one-year grace period, lasting until April 24, 1997, in which to file his habeas petition." *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002)). Because Petitioner filed the petition now before the Court more than 20 years after AEDPA became effective, the Court concludes his petition is time-barred.

However, § 2254's one-year statute of limitation is not jurisdictional and is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Equitable tolling allows courts to review time-

barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). "[C]ourts grant equitable tolling 'sparingly.'" *Hall*, 662 F.3d at 749 (citing *Robertson*, 624 F.3d at 784). There are two forms of equitable tolling: (1) *traditional* equitable tolling; and (2) *actual innocence* equitable tolling.

A habeas petitioner is entitled to traditional equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations omitted). Petitioner does not seem to make any argument that he is entitled to equitable tolling on this ground.

However, "a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012). "A valid claim of actual innocence requires '*new* reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court has underscored the fact that "the miscarriage of justice exception . . . applies to a *severely confined category*: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schlup*, 513 U.S. at 329) (emphasis supplied).

In his response to the Court's Show Cause Order, Petitioner does not explicitly argue or present evidence of actual innocence. However, because some of Petitioner's arguments could be construed as asserting actual innocence, the Court will analyze their merits under the standard set forth above. In his response, Petitioner first argues that his petition should not be dismissed because he is requesting DNA evidence testing under Kentucky state law. Petitioner then states that he was convicted at trial even though "the prosecution admitted that the DNA evidence found at the crime scene did not match Petitioner DNA." Petitioner further writes: "The discovered evidence that Petitioner offer as 'Proof' of his innocence of rape was denied. This is ground for a new trial or dismiss case." Petitioner continues: "Because of the fundamental importance of the evidence to petitioner defense, we cannot conclude beyond a reasonable doubt that the error was harmless, No matter how credible the DNA defence, our system of Justice guarantees the right to present it and be judged by it."[1]

To the extent that Petitioner intends these arguments to invoke the actual-innocence exception to the statute of limitations, they fail. To begin, the Court is not certain that the DNA evidence Petitioner seemingly believes is exculpatory is actually "new evidence." Based upon Petitioner's arguments above, it is unclear exactly what DNA evidence was available and presented at his trial. However, even assuming that Petitioner's arguments rest on the basis that the testing of certain DNA evidence will provide some type of exculpatory, "new" evidence, he has not shown that if this evidence was presented to a jury, "it is more likely than not that no reasonable juror would have convicted [Petitioner] in the light of the new evidence." *Schlup*,

---

[1] Petitioner also argues that his conviction should be set aside because evidence and witnesses were tampered with at his trial, because his rights were violated under the "U.S. Constitution, 6th and 14 Amendments, and 2, 7, and 11 of the Kentucky Constitution," and because he was denied effective assistance of counsel. However, he does not explain how these arguments relate to the issue of whether his petition is barred by the statute of limitations.

513 U.S. at 316. Indeed, Petitioner seems to admit that he was convicted in spite of the prosecution's admission that the DNA found at the crime scene did not match his DNA. *See also Pena v. Ryan,* No. CV-13-02227-PHX-SPL (BSB), 2014 U.S. Dist. LEXIS 184450, at *24-26 (D. Ariz. Dec. 19. 2014) (rejecting the petitioner's argument that he could meet the actual-innocence standard if the court ordered DNA testing of a handgun because, even if the testing resulted in exculpatory evidence, the petitioner had not shown that this evidence would meet *Schlup*'s "exacting standard" by showing that in "light of this newly discovered evidence, it [was] more likely that not that no reasonable juror would have convicted [the] [p]etitioner"); *Jones v. Unknown*, No. 1:13-cv-00918-JLT, 2013 U.S. Dist. LEXIS 176401, at *15-18 (E.D. Cal. Dec. 12, 2013) (finding that petitioner's claim that he was refused a DNA test and a lie detector test and that such tests would have been favorable to him and resulted in his acquittal did not satisfy *Schlup*). In sum, the Court finds that despite Petitioner's arguments, he has made no credible showing that he is actually (factually) innocent, and, thus, he is not entitled to equitable tolling on this ground.

Therefore, because the petition was filed outside the one-year limitations period and Petitioner has not demonstrated that he is entitled to equitable tolling, the Court will deny the § 2254 petition and dismiss the action.

## II.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
    Respondent
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.011